IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

WILFREDO DIAZ,

      Petitioner,                                              OPINION and ORDER

      v.                                                      23-cv-107-wmc

WARDEN CHRIS BUESGEN,

      Respondent.
_____

Petitioner Wilfredo Diaz, who is incarcerated at Stanley Correctional Institution and representing himself, has filed a federal habeas petition under 28 U.S.C. § 2254, seeking to overturn a 2002 criminal conviction entered against him in Milwaukee County Circuit Court. (Dkt. #1.) Diaz has also filed a motion to stay this case and return to state court to exhaust claims of ineffective assistance by trial counsel. (Dkt. #3.) For reasons explained below, the court must deny that motion.

BACKGROUND[1]

In April 2001, according to the criminal complaint, Milwaukee police were dispatched to a duplex on West Forest Home Avenue. Resident Nicholas McIntyre was found dead in the stairwell to his upper unit with a gunshot wound to his back. Michael Popp, who was with McIntyre when he was shot, told police that Ronald Rykowski had brought someone, identified later by Rykowski as Diaz, to McIntyre's residence to purchase marijuana. When Rykowski and Diaz arrived, Popp watched McIntyre open the exterior door

---

[1] The following facts are taken from the petition, the state court of appeals' decision affirming the petitioner's state conviction, and publicly available state court records.  *See* Wisconsin Court System Case Search, https://wcca.wicourts.gov (last accessed Sept. 18, 2024).

to let the two in the building. McIntyre, Rykowski, and Diaz were standing at the bottom of the stairs, and McIntyre displayed a small bag of marijuana. Popp reported that Diaz demanded the marijuana, pulled out a handgun, and pointed it at McIntyre. McIntyre turned to run up the stairs, Diaz fired one shot, and McIntyre fell face down. Diaz fled. Rykowski identified Diaz as the shooter in a lineup, and Popp tentatively identified Diaz. The medical examiner testified that McIntyre died from a perforation of the heart resulting from the gunshot wound to his back.

*State v. Diaz*, 2015AP2027, 2021 WL 8533941, at *1 (Ct. App. March 30, 2021).

Diaz was later charged in Milwaukee County Circuit Court Case No. 2001CF2231 with first-degree intentional homicide while armed. The matter was ultimately tried before a jury, who received instructions on first-degree intentional homicide, as well as the lesser-included offenses of first-degree reckless homicide and second-degree reckless homicide -- all of which involved the use of a dangerous weapon. *Id*. Although Diaz testified that he did not intend to shoot the victim, the jury found him guilty of first-degree intentional homicide with the use of a firearm. *Id*. On February 15, 2002, a Milwaukee County Circuit Court judge sentenced him to life imprisonment with eligibility for parole after 50 years.

Court records show that Diaz did not file anything to challenge his conviction until six years later, when he filed a motion for post-conviction relief. As a result of that 2008 motion, Diaz was granted an extension of time to file an appeal. During his appeal, however, Diaz's appointed, appellate counsel filed a no-merit brief under *Anders v. California*, 386 U.S 738 (1967). In response, Diaz filed a pro se brief asserting two claims:

1. Trial counsel should have sought jury instructions for, and argued to the jury about, lesser-included offenses, including first-degree reckless homicide, second-degree reckless homicide, felony murder, and homicide by negligent handling of a firearm; and

> 2. Trial counsel should have pursued defenses of, and jury instructions for, self-defense, imperfect self-defense, and accident.

The Wisconsin Court of Appeals considered these claims, along with several others raised by appellate counsel, but ultimately agreed that Diaz failed to demonstrate any arguably meritorious claim for ineffective assistance of counsel. *Diaz*, 2021 WL 8533941, at *6-8. The court also rejected another ineffective-assistance claim, which was raised by Diaz in a post-conviction motion and rejected by the circuit court, which concerned his trial counsel's claimed failure to advise him adequately regarding a plea offer from the state that would have entailed a sentence of 20 to 25 years' initial confinement. *See id*. at *9-11.

The Wisconsin Supreme Court denied Diaz's petition for review of the appellate court's denial of relief on November 17, 2021. *State v. Diaz*, 2015AP2027, 2022 WI 93. As a result, Diaz's conviction became final on February 15, 2022, when his time expired to file a petition for a writ of certiorari with the United States Supreme Court.

In his federal habeas petition, dated February 9, 2023, Diaz raises three grounds for relief, all involving claims of ineffective assistance by his trial counsel. Diaz's first ground for relief repeats one of the claims that he raised in his pro se brief on state appeal: his trial counsel failed to pursue defenses and jury instructions for self-defense, imperfect self-defense, and accident. (Dkt. #1, at 7-8.) Diaz's second ground for relief, which was presented in his post-conviction motion and also considered on appeal, repeats his assertions that trial counsel failed to advise him adequately in connection with a plea offer from the state. (*Id*. at 8.) Diaz's third and final ground for relief, which was not raised at all in state court, claims that his trial counsel was also ineffective in failing to (a) investigate

his case further to determine whether he intentionally fired the gun used to commit the offense *or* (b) advise Diaz how his "denial of intent" could affect his defense. (*Id*. at 9.)

OPINION

In Wisconsin, the proper procedure for raising a claim of ineffective assistance by trial counsel is to file either a motion for postconviction relief under Wis. Stat. § 974.06 or a petition for a writ of habeas corpus. *State ex rel. Rothering v. McCaughtry*, 205 Wis.2d 675, 681, 556 N.W.2d 136, 139 (Ct. App. 1996). Diaz acknowledges that he only followed this procedure with regard to his second ground for relief, which makes for a "mixed" petition with both exhausted and unexhausted claims. (Dkt. #3, at 2.) The United States Supreme Court directs that a mixed petition be dismissed unless the petitioner elects to proceed only with his exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (district courts must dismiss habeas petitions that contain both exhausted and unexhausted claims, leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court).

Diaz asks the court to stay and abate the case so that he can return to state court and exhaust all of his ineffective-assistance claims. (Dkt. #3.) This court generally has the discretion to issues stays in federal habeas corpus proceedings, but the Supreme Court has held that an exercise of that discretion must be compatible with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Rhines v. Weber*, 544 U.S. 269, 276 (2005). One of AEDPA's purposes is to reduce delays. *Id*. Another purpose promoted by

4

AEDPA is the finality of state court judgments. *Id*. Because staying a federal habeas proceeding has the potential to frustrate these purposes, the Supreme Court has emphasized that "stay and abeyance should be available only in limited circumstances." *Id*. at 277. In particular, a court may grant a stay and abeyance *only* when the petitioner demonstrates good cause for failing to exhaust his claims first in state court and shows that the unexhausted claims have some possible merit. *Id*. at 277-78. If the record demonstrates abusive litigation conduct or intentional delay by the petitioner, the Supreme Court instructs that a stay should *not* be granted. *Id*. at 278.

Here, Diaz fails at the outset to establish the requisite good cause for a stay. Principally, Diaz contends that he was unaware of his constitutional rights to pursue an appeal, to receive free transcripts, or raise ineffective assistance of counsel until he was informed of those rights by his cellmate in 2011. (Dkt. #3, at 1.) Diaz represents further that his cellmate was transferred to a different prison facility in 2018, which made it difficult to continue to work together. (*Id*.) Thus, Diaz appears to claim that there is good cause for a stay because he lacked both knowledge of the law and adequate assistance. Unfortunately for Diaz, a lack of legal training or assistance are obstacles common to many, if not most, prisoners who find themselves proceeding pro se, which is not sufficient to demonstrate good cause. *See Eison v. Baenen*, No. 12-cv-932, 2014 WL 1329902, at *1 (E.D. Wis. March 28, 2014) ("petitioner's pro se status is an insufficient basis on which to find good cause for his failure to exhaust his state court remedies") (citations omitted); *see also Brown v. Gaetz*, No. 10C1463, 2015 WL 1976366, at *7 (N.D. Ill. May 1, 2015) ("The mere fact that a prisoner acting pro se is incarcerated and lacks legal knowledge is

insufficient to demonstrate good cause [for a stay under *Rhines*]."). Good cause cannot be based on issues that are common to all prisoners, or else the requirement for "good" cause would evaporate. *Yeoman v. Pollard*, 875 F.3d 832, 838 (7th Cir. 2017) (allowing circumstances common to all pro se prisoners to establish good cause would undermine *Rhines*' directive that a stay and abeyance should be available in limited circumstances). Absent a showing of good cause, Diaz is not entitled to a stay.

Additionally, Diaz has still not filed a brief in support of his petition, and he does not make a persuasive showing that his unexhausted claims have merit. His first ground for relief, which was considered by the Wisconsin Court of Appeals in response to his appellate counsel's *Anders* brief, was rejected as without arguable merit. *Diaz*, 2021 WL 8533941, at *6-8. As for his third ground for relief, even if he exhausted his claim that trial counsel should have investigated whether he intentionally fired the gun that caused the victim's death, Diaz provides no facts showing what, if anything, an additional investigation may have disclosed nor how this information would have affected his defense. As a result, this ground for relief is conclusory at best.

Granting a stay would also frustrate the state's interest in finality because there has already been substantial delay in this case, which seeks to overturn a state court conviction entered more than 20 years ago. The current record is *still* not clear about the reason for his delay, and Diaz himself offers *no* explanation beyond his lack of knowledge and legal assistance for his decision to wait until 2008 to pursue an appeal from his 2002 conviction. Nor does Diaz otherwise provide a chronology demonstrating that he pursued relief with

6

due diligence.  Finally, the motion for a stay and abeyance must be denied because Diaz has also failed to demonstrate good cause for the reasons already discussed.

Accordingly, Diaz must now make a choice between two options: (1) dismiss this case and return to state court to raise his unexhausted claims (grounds one and three as just discussed above); or (2) dismiss these unexhausted claims and proceed with his exhausted claim (ground two).  If Diaz elects to pursue the first option, he should notify the court of that decision in writing by filing a motion to dismiss.  If Diaz elects the second option, then he should file an amended petition which does *not* include his two unexhausted claims.  Diaz is cautioned that, if he proceeds only on his exhausted claim, he may not be able to later proceed with his two other claims at a later time by filing a second or successive petition for federal habeas review.  28 U.S.C. § 2244(b)(2).  **Either way, Diaz must notify the court of his choice within 30 days of the date of this order.**

## ORDER

IT IS ORDERED that:

1) Petitioner Wilfredo Diaz's motion to stay (dkt. #3) is DENIED.

2) On or before October 30, 2024, Diaz must either notify the court that (a) he wishes to dismiss this case and return to state court; *or* (b) he wishes to dismiss his unexhausted claims (grounds one and three) and file an amended petition to include only his exhausted claim (ground two).

Entered this 30th day of September, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge