IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

WILFREDO DIAZ,

        Petitioner,                                   OPINION AND ORDER

    v.                                             23-cv-107-wmc

WARDEN CHRIS BUESGEN,

        Respondent.

_____

Petitioner Wilfredo Diaz, who is representing himself while incarcerated at Stanley Correctional Institution, filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, which raises three claims of ineffective assistance of trial counsel.  (Dkt. #1.)  The petition was also accompanied by a motion to stay and abate the proceedings to allow petitioner to exhaust his state court remedies for his claims.  (Dkt. #3.)  The court denied petitioner's motion to stay after concluding that he failed to show that a stay was warranted under *Rhines v. Weber,* 544 U.S. 269, 278 (2005).  Afterwards, the court gave petitioner two options:  (1) dismiss this case and return to state court to raise his unexhausted claims; or (2) dismiss his unexhausted claims and proceed with a claim that appeared to be exhausted.  (Dkt. #7.)  Instead, petitioner has filed an amended motion to stay and abate under *Rhines* (dkt. #12), which respondent opposes.  (Dkt. #18.)  For reasons explained below, the court will deny the amended motion to stay and give petitioner an opportunity to show cause why this action should not be dismissed.

1

BACKGROUND[1]

Petitioner Wilfredo Diaz seeks to challenge a homicide conviction that was entered against him in Milwaukee in 2002. The underlying facts of the offense were summarized by the Wisconsin Court of Appeals as follows:

> According to the criminal complaint, in April 2021, Milwaukee police were dispatched to a duplex on West Forest Home Avenue. Resident Nicholas McIntyre was found dead in the stairwell to his upper unit with a gunshot wound to his back. Michael Popp, who was with McIntyre when he was shot, told police that Ronald Rykowski had brought someone, identified later by Rykowski as Diaz, to McIntyre's residence to purchase marijuana. When Rykowski and Diaz arrived, Popp watched McIntyre open the exterior door to let the two in the building. McIntyre, Rykowski, and Diaz were standing at the bottom of the stairs, and McIntyre displayed a small bag of marijuana. Popp reported that Diaz demanded the marijuana, pulled out a handgun, and pointed it at McIntyre. McIntyre turned to run up the stairs, Diaz fired one shot, and McIntyre fell face down. Diaz fled. Rykowski identified Diaz as the shooter in a lineup, and Popp tentatively identified Diaz. The medical examiner testified that McIntyre died from a perforation of the heart resulting from the gunshot wound to his back.

*State v. Diaz*, 2015AP2027, 2021 WL 8533941, at *1 (Ct. App. March 30, 2021).

Diaz was later charged in Milwaukee County Circuit Court Case No. 2001CF2231 with first-degree intentional homicide while armed. The matter was tried before a jury, who received instructions on first-degree intentional homicide, as well as the lesser-included offenses of first-degree reckless homicide and second-degree reckless homicide, all of which involved the use of a dangerous weapon. *Id*. Although Diaz testified that the gun accidentally discharged during a struggle and he did not intend to shoot the victim, the jury found him guilty of first-degree intentional homicide with the use of a firearm. *Id*. On February 15, 2002, the Milwaukee County Circuit Court sentenced him to life imprisonment with eligibility for parole after 50

---

[1] The following facts are taken from the petition, the state court of appeals' decision affirming the petitioner's state conviction, and publicly-available state court records. *See* Wisconsin Court System Case Search, https://wcca.wicourts.gov (last accessed March 10, 2026).

2

years.

In 2008, Diaz filed a motion for post-conviction relief under Wis. Stat. § 974.06. As a result of that 2008 motion, Diaz was granted an extension of time to file a postconviction motion or notice of appeal.[2]  *Diaz*, 2021 WL 8533941, at *1.  During that appeal, Diaz's appointed appellate counsel filed a no-merit brief under *Anders v. California*, 386 U.S 738 (1967).  In response, Diaz filed a pro se brief asserting two claims:

1.  Trial counsel should have sought jury instructions for, and argued to the jury about, lesser-included offenses, including first-degree reckless homicide, second-degree reckless homicide, felony murder, and homicide by negligent handling of a firearm.

2.  Trial counsel should have pursued defenses of, and jury instructions for, self-defense, imperfect self-defense, and accident.

The Wisconsin Court of Appeals considered both of these claims, along with several others mentioned by appellate counsel, but ultimately agreed that Diaz failed to demonstrate any arguably meritorious claim for ineffective assistance of counsel.  *Diaz*, 2021 WL 8533941, at *6-8.  The Court of Appeals also rejected another ineffective-assistance claim, which was raised by Diaz in his post-conviction motion and rejected by the circuit court following an evidentiary hearing, which concerned his trial counsel's alleged failure to advise Diaz adequately about a plea offer from the State that would have entailed a sentence of 20 to 25 years of initial confinement.  *See id*. at *9-11.  Specifically, the circuit court found that "trial counsel was the more credible witness and that Diaz had been properly counseled regarding

---

[2] The attorney whom Diaz retained in 2005 to represent him on postconviction review was subsequently disbarred for misrepresenting her expertise and competence in the area of postconviction criminal matters, and as a result, the State agreed that Diaz could file a subsequent motion under Wis. Stat. § 974.06.  (Stipulation and Agreement to Further Proceedings (dkt. #15-1) ¶ 12.)

any plea offers." *Id*. at *9.  The circuit court further found that it was "'not credible and unlikely' that Diaz did not understand the parameters of the State's offer and concluded that he had been properly advised of the State's offer." *Id*. at *10.

Thereafter, Diaz filed a petition for review of the Wisconsin Court of Appeals' decision, raising the following issues:  (1) whether he was entitled to perfect and imperfect self-defense instructions based on all of the record evidence; (2) whether he was entitled to a new trial with a jury instruction on the relationship between accident and intent; and (3) whether he was entitled to an evidentiary hearing to prove that trial counsel was ineffective for failing to request jury instructions on self-defense and accident. (Dkt. #18-1, at 3-4.)  The Wisconsin Supreme Court summarily denied Diaz's petition for review on November 17, 2021.  *State v. Diaz*, 2015AP2027, 2022 WI 93, 993 N.W.2d 155.  As a result, Diaz's conviction became final on February 15, 2022, when his time expired to file a petition for a writ of certiorari with the United States Supreme Court.

In his federal habeas petition dated February 9, 2023, Diaz raises three grounds for relief, all claiming ineffective assistance by his trial counsel.  Diaz's first ground for relief repeats one of the claims that he raised in his pro se brief on state appeal:  his trial counsel failed to request jury instructions on self-defense, imperfect self-defense, and accident.  (Dkt. #1, at 7-8.)  Diaz's second ground for relief, which was presented in his post-conviction motion and also considered by the Wisconsin Court of Appeals, repeats his assertion that trial counsel failed to advise him adequately in connection with a plea offer from the State. (*Id*. at 8.)  Diaz's third ground for relief, which was not raised at all in state court, alleges that his trial counsel was also ineffective in failing to:  (1) investigate his case further to determine whether he intentionally fired the gun used to commit the offense; or (2) advise Diaz how his "denial of

4

intent" to shoot the victim could affect his defense by precluding a claim of self-defense, which in turn affected his decision to reject the State's offer for a plea to a lesser charge. (*Id.* at 9.)

OPINION

Under 28 U.S.C. § 2254(b)(1)(A), a petition for federal habeas relief may not be granted unless it appears that "the applicant has exhausted the remedies available in the courts of the State." *Wilson v. Cromwell*, 69 F.4th 410, 420 (7th Cir. 2023). Thus, "[a] state prisoner must exhaust available state remedies before presenting his claim to a federal habeas court." *Davila v. Davis*, 582 U.S. 521, 527 (2017) (citing 28 U.S.C. § 2254(b)(1)(A)). To satisfy the exhaustion requirement, a state prisoner must have asserted that same claim "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in postconviction proceedings." *Wilson*, 69 F.4th at 420 (citations omitted). This "complete round" rule "means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory," *id.*, which includes presenting the claim to the state's highest court in a petition for discretionary review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

Here, the record shows that petitioner completed one round of state court review only with regard to his first ground for relief, concerning his counsel's failure to request jury instructions on self-defense and accident. This ground for relief was addressed by the Wisconsin Court of Appeals when it accepted petitioner's response to his appellate counsel's no-merit report. *Diaz*, 2021 WL 8533941, at *7-8. The Court of Appeals found that the record did not support a self-defense instruction under state law. *Id.* at 7. The Court of Appeals also found that the jury was properly instructed on the State's burden of proof without a

5

separate accident instruction. *Id*. at 8. Petitioner then repeated this ground for relief in his petition for review, which was rejected by the Wisconsin Supreme Court.[3] (Dkt. #18-1, at 3-4.)

Petitioner also raised his second ground for relief, concerning his counsel's alleged failure to counsel him adequately about a plea offer, in a post-conviction motion that was considered by the circuit court and on appeal, where the Wisconsin Court of Appeals concluded that he was properly counseled about the State's offer. *Diaz*, 2021 WL 8533941, at *9-10. However, petitioner did *not* raise that claim or challenge the Court of Appeals' decision on that claim in his petition for review by the Wisconsin Supreme Court. (Dkt. #18-1.) Therefore, he failed to exhaust his second ground for relief when he had the chance to do so. Because petitioner's opportunity to raise this ground for relief in state court has now passed, *see* Wis. Stat. § 808.10(1), there is no longer any remedy available, and he has procedurally defaulted this second claim. *Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006); *see also Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) ("where . . . the petitioner has already pursued his state-court remedies and there is no longer any state corrective process available to him, it is not the exhaustion doctrine that stands in the path to habeas relief, . . . but rather the separate but related doctrine of procedural default").

Finally, petitioner's third ground for relief, alleging that his counsel was ineffective for not asking him about his intent to shoot or explain that he could not get a jury instruction on

---

[3] Respondent notes that this ground for relief turns on the Wisconsin Court of Appeals' interpretation of state law and, as such, is not cognizable on federal habeas corpus review. (Dkt. #18, at 1-2.) To say that a petitioner's claim is not cognizable on habeas review is another way of saying that his claim "presents no federal issue at all." *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991).

self-defense if he testified to a lack of intent, was not raised at any point in his state court proceedings and is unexhausted. Thus, the petition contains a mix of both exhausted (ground one), procedurally defaulted (ground two), and unexhausted claims (ground three).

As the court has explained to petitioner previously, a mixed petition must be dismissed unless the petitioner elects to proceed only with his exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (district courts must dismiss habeas petitions that contain both exhausted and unexhausted claims, leaving the prisoner with the choice of returning to state court to exhaust his other claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court). In response, petitioner has nevertheless repeated his request to stay and abate the case so that he can return to state court and exhaust his other ineffective-assistance claim. (Dkt. #13.)

While this court generally has the discretion to issues stays in federal habeas corpus proceedings, the Supreme Court has expressly held that an exercise of that discretion must be compatible with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Rhines v. Weber*, 544 U.S. 269, 276 (2005). One of AEDPA's purposes is to reduce delays. *Id*. Another purpose promoted by AEDPA is the finality of state court judgments. *Id*. Because staying a federal habeas proceeding has the potential to frustrate both purposes, the Supreme Court has emphasized that "stay and abeyance should be available only in limited circumstances." *Id*. at 277. In particular, a court may grant a stay and abeyance *only* when the petitioner demonstrates good cause for failing to exhaust all his claims first in state court *and* shows that the unexhausted claims have some possible merit. *Id*. at 277-78. Unfortunately, petitioner makes neither showing.

Petitioner, who primarily blames extensive delays in state court and ineffective

assistance by the attorney he retained to represent him in pursuit of postconviction relief in 2005, has not demonstrated the requisite good cause for a stay.  Indeed, with the assistance of another retained attorney, petitioner was granted an extension of time to file a postconviction motion or notice of appeal, effectively resetting his appeal rights.  *Diaz*, 2021 8533941, at *1; Dkt. #15-1.  After another attorney was appointed to represent him on appeal, however, petitioner raised ineffective-assistance claims during that proceeding in his response to his counsel's no-merit report.  *Id*. at *6-8.  Petitioner does not explain why he did not raise his third ground for relief during that appeal or in a postconviction motion for collateral review.  Petitioner's pro se status is likewise insufficient to establish cause for a petitioner's failure to exhaust. *Eison v. Baenen*, No. 12-cv-932, 2014 WL 1329902, at *1 (E.D. Wis. March 28, 2014) (citations omitted); *see also Brown v. Gaetz*, No. 10C1463, 2015 WL 1976366, at *7 (N.D. Ill. May 1, 2015) ("The mere fact that a prisoner acting pro se is incarcerated and lacks legal knowledge is insufficient to demonstrate good cause [for a stay under *Rhines*].").

Additionally, a stay is inappropriate here because petitioner does not make a persuasive showing that his unexhausted claims have potential merit.  As noted above, petitioner's second ground for relief is procedurally barred because he failed to raise that claim in his petition for review by the Wisconsin Supreme Court when he had the opportunity to do so.  As for petitioner's third ground for relief, the implication of this claim is that petitioner would not have testified that he lacked intent to shoot the victim if his counsel had investigated whether he intentionally fired the gun that caused the victim's death or advised him that he could not obtain a jury instruction on self-defense if he denied an intent to shoot by claiming accidental discharge.  However, none of the other trial testimony, which was summarized in detail by the Wisconsin Court of Appeals when weighing the sufficiency of the evidence, indicates that self-

defense was an available theory. *Diaz*, 2021 WL 8533941, at *3-5. In particular, the testimony at trial from two other eye witnesses and from the medical examiner reflect that petitioner shot the victim in the back as he attempted to flee up the stairs. *Id*.

To the extent that petitioner now wishes to change his story, the right to effective assistance of counsel does not extend to presenting untruthful testimony. *Lockhart v. Fretwell*, 506 U.S. 364, 370 (1993); *see also Nix v. Whiteside*, 475 U.S. 157, 186-87 (1986) (Blackmun, J., concurring in judgment) ("To the extent that Whiteside's claim rests on the assertion that he would have been acquitted had he been able to testify falsely, Whiteside claims a right the law simply does not recognize."). In addition, to the extent that petitioner now claims that he would have accepted the State's plea offer if he had been advised differently, this claim duplicates his second ground for relief, which is procedurally barred for reasons set forth above. Either way, petitioner fails to show that his third ground for relief has potential merit or warrants a stay.

Finally, granting any additional stay would also frustrate the state's interest in finality. Indeed, there has already been substantial delay in this case, which seeks to overturn a state court conviction entered more than 20 years ago. Based on the foregoing discussion and for reasons advanced by the respondent, who argues that petitioner's only exhausted ground for relief fails to state a viable claim for federal habeas corpus relief (dkt. #18, at 1-2), the court will grant petitioner a very brief window to show cause why the only exhausted claim in his petition (ground one) should not be dismissed under Rule 4 of the Rules Governing Section 2254 Cases.

ORDER

IT IS ORDERED that:

1) Petitioner Wilfredo Diaz's amended motion to stay (dkt. #12) is DENIED.

2) On or before April 2, 2026, Diaz must show cause why his petition should not be dismissed for failure to state a claim for which federal habeas corpus relief may be granted. Respondent may have 14 days from the date Diaz's submission is filed in which to reply. Diaz is advised that if he fails to show cause within the time allowed, this action will be dismissed with prejudice under Fed. R. Civ. P. 41(b).

Entered this 12th day of March, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge